# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

RICHARD HILL,

    Plaintiff,

v.

WARDEN TOM GRAMIAK; and S. CREWS,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-40

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at the Ware State Prison in Waycross, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.*, contesting certain conditions of his confinement. The Court has conducted the requisite frivolity review of that Complaint. As set forth below, Plaintiff's allegations arguably state colorable claims for relief under 42 U.S.C. § 1983 against Defendants Tom Gramiak and Officer S. Crews in their individual capacities. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon these two Defendants by the United States Marshal without prepayment of cost. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's monetary damages claims under the RLUIPA.

## **BACKGROUND**[1]

Plaintiff is a practicing Buddhist imprisoned at Ware State Prison. (Doc. 1, p. 5.) His faith has been recognized by prison authorities since at least December 30, 2014, and he has

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

received accommodations due to his religion including a restricted diet. Id. However, in April of 2015, Defendant S. Crews, a mail room officer at the prison, refused to provide Plaintiff with Buddhist literature that had been sent to him. Id. Officer Crews classified the materials as contraband because they were not a Bible or Koran. Id. When Plaintiff asked Officer Crews why he did not receive his religious literature, she responded that Warden Gramiak decided that inmates in the Tier 2 Lockdown unit, where Plaintiff was housed, could only receive a Bible or Koran. Id. Plaintiff received a similar rationale from Warden Gramiak directly in response to a grievance that Plaintiff filed on the denial of his religious materials. Id.

In his Complaint, Plaintiff requests compensatory damages in the amount of $5,000 against each defendant and punitive damages in the amount of $20,000 against each defendant as well as any additional relief the Court deems just. (Id. at p. 6.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. RLUIPA Claims

Though Plaintiff does not cite the RLUIPA directly, construing his factual allegations liberally, he invokes that statute. See Jones v. St. Lawrence, No. CV410-066, 2010 WL 2772440, at *2 (S.D. Ga. July 13, 2010) ("While [the plaintiff] has styled this as a 42 U.S.C. § 1983 claim, this case actually arises under both § 1983 and the Religious Land Use and Institutionalized Persons Act . . . ."). The RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). A plaintiff bears "the initial burden of proving" a policy or action "implicates his religious exercise. Holt v. Hobbs, ___ U.S. ___, 135 S. Ct. 853, 862 (Jan. 20, 2015). The RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief[.]" 42 U.S.C. § 2000cc–5(7)(A). A plaintiff also has the burden

4

of establishing the policy or action "substantially burden[s an] exercise of religion." Holt, ___ U.S. at ___, 135 S. Ct. at 862.

According to Plaintiff, he is denied any religious materials while in the Tier 2 Unit at the Prison despite the fact that prisoners of other faiths receive religious materials, specifically a Bible or a Koran. The Court must accept such assertions as true in conducting a frivolity review. Additionally, Plaintiff does not merely name Defendant Gramiak as a Defendant due to his supervisory status. Rather, he alleges that Gramiak, along with Defendant Crews, directly participated in the decision to deny his access to Buddhist religious materials. Thus, Plaintiff arguably sets forth a plausible cause of action pursuant to the RLUIPA against Defendants Gramiak and Crews. However, such a claim is limited to potential injunctive relief.

"Section 1997 defines an institution as a facility or institution that, among other things, 'is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State.'" Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (quoting 42 U.S.C. § 1997(1)(A)). The "RLUIPA creates a private cause of action for a prison inmate if section 3 is violated, and further provides that the complaining party, if successful, may 'obtain appropriate relief against a government.'" Smith v. Allen, 502 F.3d 1255, 1269 (11th Cir. 2007) (quoting 42 U.S.C. § 2000cc–2(a)), and *abrogated on other grounds by* Sossamon, ___ U.S.___, 131 S. Ct. 1651. "The phrase 'appropriate relief' in [the] RLUIPA encompasses monetary as well as injunctive relief." Id. at 1271. However, "a prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(sic)." Id. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); see also Napier v.

Preslicka, 314 F.3d 528, 532 (11th Cir.2002) (construing § 1997(e) as barring a prisoner from obtaining compensatory damages for solely mental or emotional harm while he is in custody). Moreover, the Eleventh Circuit has held that Section 3 of the RLUIPA (42 U.S.C. § 2000cc-1) "cannot be construed as creating a private action against individual defendants for monetary damages." Smith v. Allen, at 1275.

For these reasons, the Court should **DISMISS** Plaintiff's monetary damages claims under the RLUIPA.

**II.    Free Exercise Claims**

The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). "To establish a violation of his right to free exercise," a plaintiff "must first establish that a state actor imposed a "substantial burden" on his practice of religion." Wilkinson v. GEO Grp., Inc., No. 14-10215, 2015 WL 1526642, at *2 (11th Cir. Apr. 7, 2015) (citing Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater, 2 F.3d 1514, 1549 (11th Cir. 1993)). To prove that his religious exercise was substantially burdened, a plaintiff "must present evidence that he was coerced to perform conduct that his religion forbids or prevented from performing conduct that his religion requires." Id. The defendants can then support their conduct on the ground that they applied a "neutral law of general applicability[.]" Emp't Div., Dep't of Human Res. of Or. v. Smith, 494 U.S. 872, 879 (1990).

Prisoners retain their First Amendment rights, including rights under the free exercise of religion clause. However, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Brunskill v. Boyd, 141 F. App'x 771, 774 (11th Cir.2005) (quoting O'Lone

v. Estate of Shabazz, 482 U.S. 342, 348, (1987)). "In the prison context, the state actor can defend the action if it is 'reasonably related to legitimate penological interests.'" Wilkinson, 2015 WL 1526642, at *2 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Put succinctly, "[i]n a prison setting, to demonstrate a free exercise violation, a plaintiff must show that prison officials administered or implemented a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which substantially burdens and significantly interferes with the practice of his religion or restricts his free exercise of a sincerely held religious belief." Hosey-Bey v. Williams, No. 2:12-CV-959-WHA, 2015 WL 4988388, at *6 (M.D. Ala. Aug. 19, 2015).

Plaintiff's allegation that Defendants refused to allow him to receive written Buddhist materials sets forth plausible free exercise claims against Defendants. Therefore, these claims will survive frivolity review.[2]

### III. Equal Protection Claims

Plaintiff's claims also implicate the equal protection clause of the Fourteenth Amendment. To state a valid Equal Protection claim, a prisoner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as religion. Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir.2001) (per curiam ). Additionally, a prisoner must demonstrate that the defendants were motivated by a discriminatory intent or purpose. See Parks v. City of Warner Robins, 43 F.3d 609, 616 (11th Cir.1995) (requiring "proof of discriminatory

---

[2] As set forth above in Section I, Plaintiff has not alleged any physical injury. Accordingly, his relief is limited by 42 U.S.C. § 1997(e). However, several courts have concluded that Section 1997(e) does not prevent a Plaintiff from recovering nominal damages on a Section 1983 claim. See, e.g., Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012) report and recommendation adopted, No. CV 311-044, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) ("Nominal damages are available for violations of the First Amendment.").

intent or purpose" to show an Equal Protection Clause violation); Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring a plaintiff to demonstrate that the challenged action was motivated by an intent to discriminate in order to establish an equal protection violation). Potential indicators of discriminatory intent include "a clear pattern of disparate impact, unexplainable on grounds other than [religion]; the historical background of the challenged decision or the specific events leading up to the decision; procedural or substantive departures from the norm; and the legislative or administrative history of the challenged statute." Parks, 43 F.3d at 617 (citation omitted).

Here, Plaintiff has stated sufficient facts to establish a plausible claim that Defendants intentionally discriminated against him on the basis of his religion. Plaintiff states that Defendants have allowed inmates of other religions, specifically Christians and Muslims, to receive written religious materials but have refused to allow Plaintiff, a Buddhist, to receive similar materials pertaining to his religion. Jones v. St. Lawrence, No. CV410-066, 2010 WL 2772440, at *2 (S.D. Ga. July 13, 2010) ("Jones alleges that Muslims have been treated differently from Christian and Jewish inmates . . . . That is all that is required to survive § 1915A screening here.").

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's monetary damages claims under the RLUIPA.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

Plaintiff's allegations arguably state colorable claims for relief under 42 U.S.C. § 1983 and the RLUIPA against Defendants Gramiak and Crews. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon these two Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will

first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete

responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants'

motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA